United States District Court
For the Northern District of California

**** E-filed June 6, 2011 ****

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ZULEIMA BOTELLO, a minor, by and through her guardian ad litem,

Plaintiff,

v.

MORGAN HILL UNIFIED SCHOOL DISTRICT, et al.,

Defendants.

_______________________________________/

No. C09-02121 HRL

**ORDER GRANTING APPLICATION FOR APPROVAL OF MINOR'S COMPROMISE**

**[Re: Docket No. 51]**

**BACKGROUND**

Minor plaintiff Zuleima Botello ("Botello"), a former seventh-grade student within the defendant Morgan Hill Unified School District ("MHUSD"), was allegedly harassed by her classmates because she is a lesbian or is perceived to be a lesbian. This harassment culminated in April 2008 when another student physically attacked Botello at school, causing her to suffer a skull fracture. Botello, through a *guardian ad litem*, then brought the instant action against MHUSD and numerous other individual defendants affiliated with MHUSD (collectively, "Defendants"), alleging that they failed to address and prevent the harassment against her in violation of federal and state law.

At the pretrial conference held on January 26, 2011, the parties represented to the Court that they had reached a settlement. Docket No. 49. Now, the parties have submitted their proposed

United States District Court
For the Northern District of California

settlement agreement and filed an application for this Court's approval of a minor's compromise. Docket No. 51.

**LEGAL STANDARD**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" Id. (quoting FED. R. CIV. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims[1], district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Id. at 1181-82 (citing Dacanay, 573 F.2d at 1078).

**DISCUSSION**

Botello, through her *guardian ad litem*, has agreed to settle her claims against Defendants in exchange for $11,500. Docket No. 51, Ex. A ("Settlement Agreement"). Under his contingency fee agreement with Botello, in addition to his costs, Botello's counsel will receive 40% of the settlement amount. Decl. of Falcocchia ¶ 8. This means that, at the end of the day, Botello will take home $5,080.79 in exchange for settling her claims. Decl. of Falcocchia, Ex. 1 ("Settlement Statement").

The Court finds this amount to be reasonable and in line with other similar cases. See, e.g., Deja Merie J v. San Francisco Unified School Dist., No. C-05-4788 VRW, 2006 WL 2348884, at *2

[1] The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. Robidoux, 638 F.3d at 1179 n.2. Botello brought claims under both federal and state law. Nevertheless, the Court will look to the Ninth Circuit's guidance with respect to all of her claims.

(N. D. Cal. Aug. 11, 2006) (Plaintiff settled for $10,000 in § 1983 action alleging that she was sexually and physically assaulted by fellow student). While a 40% contingency fee strikes the Court as a bit high, it cannot say that Botello's roughly $5,000 net amount is unreasonable. The Court grants Botello's application.

**CONCLUSION**

Based on the foregoing, Botello's application for this Court's approval of a minor's compromise it GRANTED.

**IT IS SO ORDERED.**

Dated: June 6, 2011



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C09-02121 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| John Joseph Falcocchia | jjflawoffices@yahoo.com |
| Mark E. Davis | mdavis@davisyounglaw.com, dmyers@davisyounglaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**